97 F.3d 1452
 154 L.R.R.M. (BNA) 2800, 132 Lab.Cas. P 11,660
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert W. JORDAN, Plaintiff-Appellant,
v.
KENTON COUNTY BOARD OF EDUCATION; Kentucky Teachers
Retirement System, Defendants-Appellees.
 No. 95-6569.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Albert W. Jordan, a Kentucky resident, appeals pro se the judgment for defendants in this action filed under the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021-2027 (now codified at 38 U.S.C. § 4301 et seq.). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On November 3, 1994, Jordan commenced this action by filing a petition to the district court to direct the United States Attorney to represent him in an action under the above Act. The district court construed this filing as a complaint and denied the petition to direct such representation, but allowed Jordan to file an amended complaint. In his amended complaint, Jordan sought reinstatement or disability retirement benefits from the Kenton County Board of Education (Board) and the Kentucky Teachers Retirement System (Retirement System). He alleged that the defendants had violated his reemployment rights during the 1982-83 school year. The Board moved to dismiss, raising defenses of laches and issue preclusion, based on a complaint Jordan had filed in 1988 with the Department of Education Office of Civil Rights under the Rehabilitation Act, 29 U.S.C. § 794, which had been rejected at the administrative level. The Retirement System also filed a motion to dismiss for failure to state a claim, pointing out that Jordan had failed to apply for disability retirement within one year of his last employment, as required by Ky.Rev.Stat. § 161.661(1). The district court construed the Board's motion as one for summary judgment, as it was supported by evidence outside the pleadings. It granted both motions, finding that laches barred Jordan's claim and that he had not filed a timely claim for disability retirement benefits. On appeal, Jordan argues that the delay in this case is attributable to the government, and that the United States Attorney should be compelled to represent him.
 
 
 3
 Upon review, we affirm the judgment for the defendants for the reasons stated by the district court. The Board was properly granted summary judgment based on the defense of laches, as Jordan's inordinate delay in commencing this action resulted in prejudice to the defendant. See Wells v. United States Steel & Carnegie Pension Fund, Inc., 950 F.2d 1244, 1250 (6th Cir.1991). Jordan was admittedly aware of all the alleged facts on which he bases his claim in 1983, yet he did not commence this action until 1994. It appears that he was busy meanwhile pursuing unemployment benefits and disability benefits from both the Veterans Administration and the Social Security Administration, in addition to his Rehabilitation Act claim. All of these proceedings undoubtedly took a long time to resolve, but this does not excuse Jordan's failure to pursue the relief to which he alleges he was entitled under the Reemployment Act. His argument that the United States Attorney should have been compelled to represent him is unfounded. The statute provides only that the veteran may request such representation. Furthermore, the Board demonstrated the prejudice caused by Jordan's delay, as most of the school officials mentioned in the complaint have since retired, moved away or died, and documentation regarding Jordan's employment has been destroyed. It is therefore apparent that laches bars this claim for Reemployment Rights. Cf. Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 380-82 (7th Cir.1987) (laches applied to bar Reemployment Rights claim in case of nine-year delay). The Retirement System's motion to dismiss was also properly granted, as Jordan simply failed to apply for disability retirement benefits within one year of the date he last worked, as required by Ky.Rev.Stat. § 161.661(1). The fact that he had inquired about disability benefits before he became eligible to apply for them did not relieve him of the requirement of applying after attaining eligibility.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.